IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES RODNEY KNAPP,　　　　　　No. 2:17-cv-0742-KJM-CMK-P

　　　　Plaintiff,

　　vs.　　　　　　　　　　　　　　　　FINDINGS AND RECOMMENDATION

EDMUND G. BROWN, JR.,

　　　　Defendant.

_____/

　　　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint and motion for restraining order (Doc. 1).

　　　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means

1

that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges in his complaint that was verbally informed that his single cell status is going to be revoked. He states that he has a medical chrono for permanent single cell status, and if he is forced out of his single cell status it would be a violation of his rights as his mental health requires that he be in a single cell. Plaintiff is requesting a temporary and permanent injunction, as well as compensatory and punitive damages.

## II.  DISCUSSION

Plaintiff is required to establish standing for each claim he asserts. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). If a plaintiff has no standing, the court has no subject matter jurisdiction. See Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n. 11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction."). There are three requirements that must be met for a plaintiff to have standing: (1) the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is both concrete and particularized and actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. See Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "A claim is not ripe for adjudication if it

rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. U.S., 523 U.S. 296, 300, 118 S. Ct. 1257, 1259 (1998) (quoting Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580-581, 105 S. Ct. 3325, 3333 (1985)(internal citation omitted)). While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted)

"To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action fo the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009).

In this case, plaintiff alleges he was informed by some unnamed employee that his single cell status is going to be revoked. There is no indication that this employee had any authority or privileged knowledge to support that information. Indeed, no single employee has the authority to arbitrarily revoke a prisoner's single cell status, nor does plaintiff allege as much. To the extent plaintiff has a history of having difficulty maintaining his single cell status, the past history (which apparently was last in question in 2010) does not reflect what may or may not happen in the future. Plaintiff presented his medical chronos as support for his allegation that he is supposed to be in a single cell. However, the allegations that his single cell status is going to be revoked is simply speculative. Until such time as his single cell status is actually revoked, and has been formally informed or he is housed with others, there is no "injury in fact" to confer plaintiff standing. The threat of some potential harm is nothing more than conjecture or hypothetical allegation, which are too speculative to show an actual substantial risk of harm. The mere possibility of harm is an insufficient basis for standing and/or injunctive relief.

### III. CONCLUSION

Plaintiff's complaint fails to show he has standing to bring this action as his allegations are too speculative to show an "injury in fact." Similarly, his allegations are too speculative to support a claim for injunctive relief.

Based on the foregoing, the undersigned recommends that plaintiff's complaint be dismissed for failure to allege standing, and his request for injunctive relief be denied as speculative.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 30, 2018

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE