IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants. | No. 2:17-CV-0742-KJM-CMK-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the court is plaintiff's motion (Doc. 18) for reconsideration of the court's June 8, 2018 order and final judgment.

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28) days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal.

1

1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988); *see also 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the court's own motion and at any time. *See* Fed. R. Civ. P. 60(a). However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending. *See id.*

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1).

Plaintiff states that he is seeking reconsideration pursuant to Rule 60(b). Plaintiff argues the court should vacate the final judgment in this case because it failed to give any considerations to his objections to the Magistrate Judge's March 30, 2018 findings and recommendations. According to plaintiff, he submitted his objections to prison officials for mailing to the court on May 3, 2018. The docket reflects that objections were given the filing date of June 15, 2018, which is the date on which they were received by the court as reflected by the date stamp on the objections' first page. The proof of service attached to the objections does not indicate service on the court at all, and so there is no basis before the court for identifying an earlier filing date.

In *Houston v. Lack*, 487 U.S. 266 (1988), the Supreme Court held that a pro se prisoner's notice of appeal is deemed "filed" at the moment he delivers it to prison officials for mailing to the court. The so-called "prison mailbox rule" has been extended to apply to other legal documents submitted to the court by prisoners. *See, e.g., Stillman v. LaMarque*, 319 F.3d

1199, 1201 (9th Cir. 2003) (applying rule to prisoner's habeas corpus petition); *see also Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001) (discussing rule in context of "prisoner who delivers a document to prison authorities"); *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002) (stating rule in terms of any "legal document" submitted by a pro se prisoner). In this case, plaintiff has not established the date he delivered his objections to prison officials for mailing to the court because the proof of service does not indicate that the document was mailed to the court. Petitioner has not met his burden of demonstrating he qualifies for application of the mailbox rule, particularly given the lengthy period of time that elapsed before his objections made it to the court.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (Doc. 18) is denied.

DATED: September 17, 2018.

_____
UNITED STATES DISTRICT JUDGE